## ADAMS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. STREET RAILWAY—INJURY TO CHILD PLAYING IN STREET—EVIDENCE.

Plaintiff, an infant 2 years and 3 months old, was playing in a street in which defendant operated a horse railway, and, on being neglected by her brother, a boy of 9 years, whom plaintiff's mother had left in charge of her, plaintiff went on the track, and stumbled and fell. As she was getting up, a horse drawing one of defendant's cars struck and injured her. When she fell the car was about 20 feet from her, and was going rapidly. Plaintiff's witnesses testified that the driver was looking to one side, and that by reason thereof he did not see the child until the horse struck her; and he testified that he could stop the car within six or seven feet, and did stop it within that distance after the accident. *Held*, that such facts were sufficient to establish defendant's negligence, warranting a verdict for plaintiff.

2. SAME—IMPUTED NEGLIGENCE—QUESTION FOR JURY.

Where a child not sui juris was injured by being struck by a street car in consequence of the neglect of her brother, a boy 9 years old, whom the mother had given charge of the child, the question whether the mother was guilty of negligence in permitting the boy to take charge of the child on the street was for the jury.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Marion Adams, by Thomas F. Adams, guardian ad litem, against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Herman Gottlieb, for respondent.

RUMSEY, J. The plaintiff is an infant who on the 17th of June, 1898, was 2 years and 3 months of age. She lived with her parents on Oliver street, through which ran a line of the defendant's cars, drawn by horses. About 6 o'clock in the evening of that day the mother, who had charge of the children, sent her son, 9 years old, to take the plaintiff out to the street and look after her. The boy took his sister downstairs, and left her sitting on the steps, and then went to play with some other boys. He looked at her from time to time, but finally neglected her for a short time, during which she went out on the car track and was knocked down by the horse of a passing car and was seriously injured. All these facts are not disputed. The only disputed question is as to how she came to be under the horse's feet. The plaintiff's testimony tended to show that the little girl attempted to cross the track, and while she was between the rails on which the car was approaching she stumbled and fell, and as she was getting to her feet the horse hit her with his fore leg and knocked her down. It appeared that when she fell the horse was about 20 feet from her. The evidence tended to show that the car was going rapidly, but at just what rate of speed does not appear. The plaintiff's witnesses testified that the driver of the car was not

looking to the front, but off to one side, and that for that reason he did not see the child on the track until the horse was upon her. It appeared from the evidence of the driver that he could stop the car within 6 or 7 feet, and he testified that he did actually stop it within that distance after the accident. The evidence of the defendant tended to show a different version of the accident, but it is not necessary to consider it, because the jury might have found, as they did, that the plaintiff's story was true. Upon the facts testified to by the plaintiff's witnesses, there can be no doubt that the jury would have been justified in finding that the driver of the car was not paying attention to the track in front of him, and that if he had been doing so he could have seen the child in time to prevent the accident. This was sufficient to establish the negligence of the defendant. The verdict was clearly not against the weight of the evidence, but there was quite sufficient to sustain it.

Upon the question of contributory negligence the verdict of the jury must be accepted as final. The child was not sui juris, and the only question to be considered by the jury was whether the mother in charge of it was guilty of negligence in permitting the 9 year old boy to take care of the child upon the street. That question was properly submitted to the jury, as was conceded by the defendant, because no exception was taken to the charge.

Upon the whole case, we can see no reason for interfering with the decision of the court below, and the judgment and order must be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.